# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

SHAGHAL, LTD.;

        Plaintiff,

   vs.

CENTRAL TRANSPORT LLC; and DOES 1 to 10 inclusive,

        Defendants.

Case No. 2:17-CV-03148-ODW-AS

**ORDER DENYING MOTION TO REMAND [11]**

## I. INTRODUCTION

Before the Court is Plaintiff Shaghal, Ltd.'s motion to remand. (ECF. No. 11.) For the reasons discussed below, the Court **DENIES** Plaintiff's motion.

## II. FACTUAL BACKGROUND

Plaintiff is a reseller of consumer electronic products, and Defendant Central Transport LLC is a motor carrier and freight forwarding company. (Mot. 3, ECF No. 11.) Plaintiff alleges that Defendant trucking company Central Transport LLC damaged some of its property during transport. (*See* Compl. ¶ 21, ECF No. 1; Not. of Rem. ¶ 3, ECF No. 1.) To recover for the damage, Plaintiff filed this lawsuit in the Superior Court of California. In its complaint, Plaintiff alleges five causes of action: (1) breach of contract; (2) open book account, (3) account stated; (4) claim for money

paid; and (5) negligence. (Compl. ¶¶ 1–22.) Defendant removed this case pursuant to federal question jurisdiction asserting that the relevant transport was interstate and thus the state causes of action are completely preempted under the Carmack Amendment. (*See generally* Not. of Rem., ECF No. 1.) Plaintiff has since filed a motion to remand. (ECF No. 11.) That motion is now fully briefed and ready for decision.[1] (ECF Nos. 15–16.)

### III. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

A suit filed in state court may only be removed if the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Holcomb v. Bingham Toyota*, 871 F.2d 109, 110 (9th Cir. 1989).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). There exist, however, "a handful of 'extraordinary' situations where even a well-pleaded state law complaint will be deemed to arise under federal law for jurisdictional purposes." *Holman v. Laulo–Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993). For example, a

---

[1] Having carefully considered the papers filed in support of and in opposition to the instant motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

well-pleaded state law claim presents a federal question when a federal statute completely preempts a particular area of law. *See Balcorta v. Twentieth Century–Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000). "[A]ny claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* A complaint containing a completely preempted claim may be removed to district court under § 1441. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003).

## IV. DISCUSSION

The Supreme Court held in *Missouri Pacific R.R. Co. v. Elmore & Stahl*, 377 U.S. 134, 137 (1964), that the Carmack Amendment, 49 U.S.C. § 14706, was intended to supersede diverse state and common law remedies against interstate carriers. *See also N.Y., New Haven & Hartford R.R. Co. v. Nothnagle*, 346 U.S. 128 (1953). The Ninth Circuit has subsequently clarified this holding, concluding that the Carmack Amendment entirely preempts state law as to interstate trucking where the amount in controversy exceeds $10,000. *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688-89 (9th Cir. 2007); *see also, e.g.*, *Ga., Fla., & Ala. Ry. Co. v. Blish Milling Co.*, 241 U.S. 190, 195 (1916) ("[T]he question as to the proper construction of the bill of lading is a Federal question."); *Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06 (1913) (holding that the Carmack Amendment covers "the subject of the liability of the carrier under a bill of lading . . . so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it"); *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003) ("Congress intended for the Carmack Amendment to provide the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier." (emphasis omitted)).

There is no dispute that this case involves the transport of goods by a motor carrier and has an amount in controversy exceeding $10,000. (Compl. at 4, ECF No. 1.) The only remaining issue is whether the trucking at issue was interstate.

Although Plaintiff's complaint does not indicate the nature of the trucking at issue, Defendant has produced evidence showing that it was interstate. (Glass Aff., ECF No. 18.) Defendant obtained numbers corresponding with bills of lading from Plaintiff and then used those bills of lading to find the corresponding itineraries. (*Id.* ¶¶ 2-6.) In examining those itineraries, Defendant found trips which began in Illinois, Pennsylvania, and Georgia and ended with deliveries in California. (Glass Aff. Ex. A–D.) The Court finds this evidence is sufficient to show that the transport was interstate and that this case is entirely preempted by the Carmack Amendment.

### V. CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's motion to remand. (ECF No. 11.)

IT IS SO ORDERED.

August 3, 2017

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**